IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOYCE RATHER, *for minor J.S.*,

      Plaintiff,

v.

CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,

      Defendant.

CIVIL ACTION FILE NO.

1:15-cv-1474-WSD-JKL

## FINAL REPORT AND RECOMMENDATION

Department of Labor regulations require the Social Security Administration to develop a social security claimant's medical history for the 12-month period before the claimant files an application for benefits. Here, the Plaintiff filed an application for childhood Supplemental Security Income ("SSI") disability benefits on behalf of her minor son, Claimant J.S., on May 2, 2012. An administrative law judge ("ALJ") denied the claim, and in doing so, relied on medical records from November 2011 through January 2012, well within the 12-month period predating Plaintiff's application. Plaintiff contends that the ALJ erred by relying on those records because the alleged onset date of her son's

disability was May 2, 2012 (the same date as the benefits application), and thus, medical information from before that date is immaterial to the claim. For the following reasons, I reject Plaintiff's argument and **RECOMMEND** that the Commissioner's decision denying benefits be **AFFIRMED**.

## I.      Procedural History

On May 2, 2012, Joyce Rather applied for SSI disability benefits on behalf of Claimant alleging disability beginning January 1, 2008, based on attention deficit hyperactivity disorder ("ADHD"), asthma, and hearing loss in his right ear. (Tr. 40-41, 192-98.) The application was denied initially and on reconsideration. (Tr. 113, 126.) Plaintiff then filed a timely written request for a hearing before an ALJ, and on July 10, 2013, an administrative hearing was held before the ALJ. (Tr. 36-53.) At the hearing, Plaintiff amended Claimant's alleged onset date to May 2, 2012, the date on which his application was protectively filed.[1] (Tr. 40.)

On August 2, 2013, the ALJ issued a decision finding that Claimant was not disabled and, thus, not eligible for SSI payments. (Tr. 18-30.) Plaintiff requested review of the hearing decision with the Appeals Council. (Tr. 13.) On March 6, 2015, the Appeals Council denied the request for review (Tr. 1-3),

---

[1] It appears that Plaintiff may have amended the alleged onset date because Claimant had previously applied for – and was denied – SSI benefits. (Tr. 40.)

making the ALJ's hearing decision the final decision of the Commissioner.  On April 30, 2015, Plaintiff filed the present action.[2]  This case is now ripe for consideration.

## II.   Governing Legal Principles

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must give deference to the ALJ's findings of fact, and may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015), *cert. denied* 136 S. Ct. 2487 (2016); *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam).  This Court's only role is to determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings.  42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept

---

[2] Claimant was initially named as the party-plaintiff in this suit.  As a minor, Claimant is not capable of bringing suit under Federal Rule of Civil Procedure 17; therefore, on October 26, 2016, the Court entered an order permitting Claimant to amend the complaint to indicate that his mother is prosecuting this action on his behalf.  On November 3, 2016, Plaintiff filed an amended complaint to correct the name of the party-plaintiff.  [*See* Doc. 20.]

as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted). It may be present even if a preponderance of the evidence weighs in favor of the claimant. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *see also Hunter*, 808 F.3d at 822 ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings.").

In contrast to the ALJ's findings of fact, no presumption of validity attaches to the ALJ's application of the law. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). If the Court finds that the ALJ erred in the application of the law, or if the ALJ fails to state specifically the weight accorded to each item of evidence and why he reached that decision, the decision must be reversed. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991); *see also Ryan v. Heckler*, 762 F.2d 939, 941-42 (11th Cir. 1985) (the ALJ must "state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered"); *Owens v. Heckler*, 748 F.2d 1511, 1514 (11th Cir. 1984) (the Commissioner must engage in "reasoned decision making").

## B.   Analysis for Childhood Disability Claims

A child under the age of 18 is disabled, and thus entitled to SSI benefits, if the child "has a medically determinable physical or mental impairment, which

results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).  The Social Security regulations define "marked and severe functional limitations" as "a level of severity that meets, medically equals, or functionally equals the listings."  20 C.F.R. § 416.902 (2007).  As in all Social Security cases, the claimant bears the burden of establishing the existence of a disability.  *See Young ex rel. A.C.Y.S. v. Astrue*, No. 1:11-CV-2447-TWT-ECS, 2012 WL 6760264, at *6 (N.D. Ga. Nov. 27, 2012), *report and recommendation adopted*, 2013 WL 28247 (N.D. Ga. Jan. 2, 2013).

The regulations provide a three-step sequential evaluation process for determining whether a child is disabled:

> 1.    First, the ALJ determines whether the child engaged in substantial gainful activity.  If so, he is not disabled.
>
> 2.    If, as in most cases, the child is not engaged in substantial gainful activity, the ALJ determines whether the child has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment.  If the impairment is not severe, the child is not disabled.
>
> 3.    If there is a severe impairment, the ALJ determines whether the child's impairment meets the

5

> durational requirement, and meets, medically equals, or
> functionally equals in severity an impairment listed in
> 20 C.F.R. Part 404, Subpart P, Appendix 1.  If yes, then
> the child is disabled.

*See* 20 C.F.R. § 416.924(a)-(d); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015); *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278-79 (11th Cir. 2004).

To determine if a child's impairment or combination of impairments functionally equals a listed impairment, the ALJ must find an "extreme" limitation in one domain of functioning, or show a "marked" limitation in two domains.  20 C.F.R. § 416.926a(a).  Domains are defined as "broad areas of functioning intended to capture all of what a child can or cannot do."  *Id*. § 416.926a(b)(1).  A "marked" limitation in a domain means that the child's impairment "interferes seriously with [his or her] ability to independently initiate, sustain, or complete activities."  *Id*. § 416.926a(e)(2).  A "marked" limitation is "more than moderate," but "less than extreme" –*i.e.*, the equivalent of functioning one would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.  *Id*. § 416.926a(e)(2)(i). An "extreme" limitation in a domain means that the child's impairment "interferes very seriously with [his or her] ability to independently initiate,

6

sustain, or complete activities." *Id.* § 416.926a(e)(3)(i).  An "extreme" limitation is "more than marked," and is the rating given to the most severe limitations, where test scores are three standard deviations or more below the mean. *Id.*

There are six domains of functioning to be considered: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

## III.   Background and the ALJ's Decision

At the time of the ALJ's decision, Claimant was eight years old.  (Tr. 21, 30, 192).  The ALJ found that Claimant had severe impairments of ADHD and hearing loss in the right ear, but that the impairments did not meet, medically equal, or functionally equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 21-30.)  At step three of the sequential analysis, the ALJ concluded that Claimant had no limitation in the domain of moving about and manipulating objects and less than marked limitation in the remaining five functional domains.  (Tr. 23-30).  The ALJ therefore found Claimant not disabled. (Tr. 30).

## IV.   Discussion

Plaintiff presents a single issue on appeal:   whether the ALJ erred by considering medical records from November 2011 through January 2012, before Claimant's amended alleged onset date of May 2, 2012.   Plaintiff contends that only records from the alleged onset date through the adjudication date can be considered, and, therefore, the ALJ erred in relying on records from before May 2, 2012, to conclude that Claimant was not disabled.   [Doc. 17 at 2-3.]

The Commissioner responds that the applicable regulation, 20 C.F.R. § 416.912(d), explicitly authorizes the ALJ to consider a claimant's medical history for at least the 12 months before the claimant files an application for benefits. [Doc. 18 at 5.]   The Commissioner maintains that since medical records from November 2011 forward are within the 12-month period preceding the date of Claimant's application date of May 2, 2012, the ALJ properly considered those documents.   [*Id.*]

I readily conclude that the ALJ did not err by considering evidence predating May 2, 2012.  20 C.F.R. § 416.912(d) – which Plaintiff fails to mention in her brief – provides that the Agency "will develop [a claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant] files [an] application."   Since the records on which Claimant contends

8

the ALJ improperly relied are from the 12-month period preceding the month in which Claimant filed his application, it was appropriate for the ALJ to consider the information.

Liberally construing Plaintiff's argument, it appears that she may be arguing that she can unilaterally prevent an ALJ from considering information predating the alleged onset date by simply stating that his disability began less than 12 months before he filed his application.  I reject this argument.

20 C.F.R. § 416.912(d) provides in pertinent part:

> If you say that your disability began less than 12 months before you filed your application, we will develop your complete medical history beginning with the month you say your disability began **unless we have reason to believe that your disability began earlier**.

20 C.F.R. § 416.912(d)(2) (emphasis added).  There is no legitimate dispute that the alleged impairments in this case – ADHD, hearing loss, and asthma – manifested themselves before May 2, 2012.  For instance, at the administrative hearing, Plaintiff's counsel pointed out the medical records confirmed that Claimant's ADHD and hearing loss were present in July 2011, and his asthma in 2010.   (Tr. 40-41; *see also* Tr. 450; 504.)   Similarly, due to Claimant's developmental and behavioral needs, his school district prepared and implemented an Individual Education Program ("IEP") beginning in 2009 and a

behavior intervention plan for the 2011-2012 school year.  (Tr. 200-33, 293-324.)

Thus, substantial evidence supports the conclusion that Claimant's alleged

disability began earlier than May 2, 2012.

For these reasons, I conclude that the ALJ was not prohibited from

considering information from November 2011 through January 2012.

## V.    Conclusion

For the reasons discussed above, I **RECOMMEND** that the decision of the

Commissioner, denying Plaintiff's claim for supplemental security income, be

**AFFIRMED**.

IT IS SO RECOMMENDED this 7th day of November, 2016.

_____

JOHN K. LARKINS III
United States Magistrate Judge