**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JOYCE RATHER, for minor J.S.,**  **Plaintiff,**  v.  **CAROLYN W. COLVIN, Acting Commissioner of Social Security,**  **Defendant.** | 1:15-cv-1474-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [21] ("R&R"). The R&R recommends the Court affirm the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff Joyce Rather's ("Plaintiff") application for supplemental security income ("SSI") on behalf of her minor son, Claimant J.S. ("Claimant").

## I. BACKGROUND[1]

### A. Procedural History and ALJ's Decision

On May 2, 2012, Plaintiff applied for SSI disability benefits on behalf of Claimant, alleging disability beginning January 1, 2008, based on attention deficit hyperactivity disorder ("ADHD"), asthma, and hearing loss in his right ear. (Tr. 40-41, 192-98). The application was denied initially and on reconsideration. (Tr. 113, 126). Plaintiff filed a timely written request for a hearing before an ALJ, and, on July 10, 2013, an administrative hearing was held before the ALJ. (Tr. 36-53). At the hearing, Plaintiff amended Claimant's alleged onset date to May 2, 2012, the date on which his application was filed. (Tr. 40).

On August 2, 2013, the ALJ issued a decision finding that Claimant was not disabled and, thus, not eligible for SSI payments. (Tr. 18-30). At the time of the ALJ's decision, Claimant was eight years old. (Tr. 21, 30, 192). The ALJ found that Claimant had severe impairments of ADHD and hearing loss in the right ear, but that the impairments did not meet, medically equal, or functionally equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21-30). At

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

step three of the sequential analysis, the ALJ concluded that Claimant had no limitation in the domain of moving about and manipulating objects, and less than marked limitation in the remaining five functional domains.  (Tr. 23-30).  The ALJ thus found Claimant not disabled.  (Tr. 30).  Plaintiff requested review of the hearing decision with the Appeals Council.  (Tr. 13).  On March 6, 2015, the Appeals Council denied the request for review, (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner.  On April 30, 2015, Plaintiff filed this action.

      B.    <u>The Magistrate Judge's R&R</u>

Plaintiff presented a single issue on appeal:  whether the ALJ erred by considering medical records from November 2011 through January 2012, before Claimant's amended alleged onset date of May 2, 2012.  On November 7, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge found that it was appropriate for the ALJ to consider medical records from the 12-month period preceding the month in which Claimant filed his application.  The Magistrate Judge thus recommends the Court affirm the decision of the Commissioner denying Plaintiff's claim for SSI.  Plaintiff did not file any objections to the R&R.

## II.   LEGAL STANDARDS

### A.   Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Review of a Decision of the Commissioner of Social Security

A court must "review the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards."  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id. at 1440.  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."  Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

C.  Analysis for Childhood Disability Claims

A child under the age of 18 is disabled, and thus entitled to SSI benefits, if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security regulations define "marked and severe functional limitations" as "a level of severity that meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.902 (2007). As in all Social Security cases, the claimant bears the burden of establishing the existence of a disability. See Young ex rel. A.C.Y.S. v. Astrue, No. 1:11-CV-2447-TWT-ECS, 2012 WL 6760264, at *6 (N.D. Ga. Nov. 27, 2012), report and recommendation adopted, 2013 WL 28247 (N.D. Ga. Jan. 2, 2013).

The regulations provide a three-step sequential evaluation process for determining whether a child is disabled:

1.  First, the ALJ determines whether the child engaged in substantial gainful activity. If so, he is not disabled.

2.  If, as in most cases, the child is not engaged in substantial gainful activity, the ALJ determines whether the child has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the impairment is not severe, the child is not disabled.

> 3. If there is a severe impairment, the ALJ determines whether the child's impairment meets the 6 durational requirement, and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If yes, then the child is disabled.

See 20 C.F.R. § 416.924(a)-(d); see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin., 783 F.3d 847, 850 (11th Cir. 2015); Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1278-79 (11th Cir. 2004).

To determine if a child's impairment or combination of impairments functionally equals a listed impairment, the ALJ must find an "extreme" limitation in one domain of functioning, or show a "marked" limitation in two domains. 20 C.F.R. § 416.926a(a). Domains are defined as "broad areas of functioning intended to capture all of what a child can or cannot do." Id. § 416.926a(b)(1). A "marked" limitation in a domain means that the child's impairment "interferes seriously with [his or her] ability to independently initiate, sustain, or complete activities." Id. § 416.926a(e)(2). A "marked" limitation is "more than moderate," but "less than extreme"—i.e., the equivalent of functioning one would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean. Id. § 416.926a(e)(2)(i). An "extreme" limitation in a domain means that the child's impairment "interferes very seriously with [his or her] ability to independently initiate, sustain, or complete activities."

Id. § 416.926a(e)(3)(i).  An "extreme" limitation is "more than marked," and is the rating given to the most severe limitations, where test scores are three standard deviations or more below the mean.  Id.

There are six domains of functioning to be considered:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)

### III.  ANALYSIS

Social Security regulations provide that the Agency "will develop [a claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant] files [an] application."  20 C.F.R. § 416.912(d).  The Magistrate Judge found that, because the records on which Claimant contends the ALJ improperly relied are from the 12-month period preceding the month in which Claimant filed his application, it was appropriate for the ALJ to consider the information.

The Magistrate Judge noted Plaintiff may be arguing that she can unilaterally prevent an ALJ from considering information predating the alleged onset date simply by stating that Claimant's disability began less than 12 months

7

before he filed his application.  In rejecting this argument, the Magistrate Judge relied on 20 C.F.R. § 416.912(d), which provides, in pertinent part:

> If you say that your disability began less than 12 months before you filed your application, we will develop your complete medical history beginning with the month you say your disability began **unless we have reason to believe that your disability began earlier**.

20 C.F.R. § 416.912(d)(2) (emphasis added).  The Magistrate Judge found that there "is no legitimate dispute that the alleged impairments in this case . . . manifested themselves before May 2, 2012."  (R&R at 9).  The Magistrate Judge concluded that the ALJ was not prohibited from considering information from November 2011 through January 2012, and thus recommends the Court affirm the decision of the Commissioner denying Plaintiff's claim for SSI.  The Court finds no plain error in these findings and recommendation, and the decision of the Commissioner is affirmed.  See Slay, 714 F.2d at 1095.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [21] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**SO ORDERED** this 30th day of November, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

9